Nov. Term,
1851.

Hobbs and Others *v.* The Board of Commissioners of La-
grange County.

Hobbs
v.
The Board of
Commission-
ers of La-
grange
County.

A bond was executed in *July*, 1840, in pursuance of an act of the legisla-
ture, to the county of *Lagrange*, for the conveyance of twenty acres of
land, to be laid off into out-lots, on the west side of the plat of the vil-
lage of *Lagrange*, in consideration of the location of the county-seat in
that village. In 1841, the obligors executed a deed, in alleged conform-
ity with the bond, of twenty acres of land, particularly described there-
in, to *A.* and *B.*, commissioners appointed to superintend the erection of
public buildings in that county. In 1845, the commissioners of the
county filed a bill in chancery for the correction of the deed as to the
parties, and the deed was so corrected as to convey the land to the county
agent for the use of the county. A bill was afterwards filed by the
board of commissioners and the county agent, to correct an alleged mis-
take in the description of the premises; but it was not pretended therein
that there was any concealment, misrepresentation, fraud, or misunder-
standing at the time the deed was made as to its contents. *Held*, that,
under the circumstances, the latter bill would not lie.

ERROR to the *Lagrange* Circuit Court.

Thursday,
December 4.

Perkins, J.—Bill in chancery by the commissioners and
agent of *Lagrange* county against *Joshua T. Hobbs* and
others for a specific performance. Decree for the plain-
tiffs below.

The following facts are gathered from the bill, answers,
replications, and exhibits:

On the 8th day of *July*, 1840, the obligors thereto exe-
cuted the following bond:

"Know all men by these presents, that we, *Joshua T.
Hobbs, William McConnell,* and *Reuben J. Dawson,* are held
and firmly bound unto *Philo Taylor* and *Palmer Grannis,*
county commissioners of the county of *Lagrange,* in the
sum of 8,000 dollars," &c.

"The condition of the above bond is such that, whereas
*John Jackson, Marshall S. Wines, Thomas Lewis,* and *Joel
Bristol,* were appointed commissioners by the legislature
of *Indiana,* at the last session thereof, to re-locate the seat
of justice of *Lagrange* county, *Indiana,* and in making
said re-location were authorized and required to take into
consideration donations," &c.; "and whereas, in consi-
deration of the following donation made to said county

Nov. Term,
1851.

Hobbs
v.
The Board of
Commission-
ers of La-
grange
County.

by said *Hobbs, McConnell*, and *Dawson*, said commission-
ers have re-located the seat of justice of said county in
the village of *Lagrange*," &c.; " now, if the said *Hobbs,
McConnell*, and *Dawson* shall, within one year from the
date hereof, convey to said county," &c., " the equal un-
divided one-third part of said village plat," &c., " and
shall also donate for the use of said county 20 acres of
land to be laid off in out-lots on the west side of said
village plat, then," &c.

On the 20th day of *February*, 1841, said obligors exe-
cuted to *Aaron Thompson* and *John Y. Clark*, commissioners
duly appointed to superintend the erection of public build-
ings in said county, &c., a deed for the various pieces of
property specified in said bond, including, " also, all that
tract or parcel of land situated in said county, containing
twenty acres, bounded on the south by a line drawn due
west from south-west corner of the plat of the town of *La-
grange* aforesaid, (as now laid off and recorded,) to the
line dividing ranges nine and ten east; thence by a line
drawn north along the range line aforesaid, and by a line
drawn from the place of beginning, north along the west-
ern boundary of said town plat, until a due east line will
contain the aforesaid quantity of twenty acres," &c. This
deed was made, by mistake, to said *Thompson* and *Clark*,
instead of the county agent; and, in 1845, the commis-
sioners of *Lagrange* county prosecuted a bill for the cor-
rection of the deed as to parties, in which proceeding, in
1846, they obtained the desired decree.

The following deposition of *John Spencer* was read upon
the hearing of the cause:

" I was present when the above defendants executed
the bond for the conveyance of town-lots and land as a
donation to *Lagrange* county, in consideration of the re-
location of the county seat, and the land shown to the
commissioners by the defendants was the south end of a
fractional tract lying on the west side of the town of *La-
grange*, and between that and the range line dividing
ranges nine and ten; and it was well understood between
said defendants and the locating commissioners, that the

20 acre tract for out-lots was intended to be located as above, running north from the south end of said tract for quantity. There was no proposition made or spoken of by either party about locating the 20 acre tract along the whole west line of the plat of the town of *Lagrange*, nor was the land along the north-west side of said town-plat examined or seen by the locating commissioners to my recollection or knowledge."

In discussing this case, the counsel for the plaintiffs in error, (the county commissioners and agent,) take this position:

" In grants and patents, where a base-line is given on which an area of a certain number of acres is to be laid out, the *whole* line must be taken as the base, and you must depart from its extremities by right angles for quantity. It is absolutely necessary to adopt this rule, *ut res magis valeat quam pereat;* for otherwise the grant or condition is absolutely void. You cannot resort, in a case like this, to parol evidence, because there is no ambiguity, latent or otherwise."

The case shows that the land deeded to the county by the above obligors, in an attempt to fulfill the condition of their bond, was not upon a base-line extending the whole length of the west side of the town-plat, but only about half the length of that side.

It is contended, therefore, that the condition of the bond has not been complied with; and this suit is to compel a conveyance of 20 acres, based upon a line extending the whole length of the west side of the town-plat.

The 20 acres deeded have not been reconveyed, nor is there any offer to reconvey.

Whether the rule of construction above laid down to be applied to grants of this character is without exception, and whether parol evidence may, in any case, be permitted to explain such grants, are not questions properly arising in this case. If, however, the rule is inflexible, and parol evidence cannot be given, we can easily imagine cases where great injustice would result. Take a case like the present, where land is donated " to be laid

off in out-lots on the west side of said village," &c., that is, land suitable to be laid off in out-lots, &c. Now, suppose the village lies upon the bend of a broad navigable river, or at the base of an abrupt mountain of rock, which forms the boundary of half the length of said side; or, again, suppose the giver of the donation does not own the land upon the whole length of the side on which the donation lies, and that this fact is well known to all parties at the time the donation is made; in these cases, if parol evidence of the circumstances could not be given, and the base-line must extend the whole length of the town, it is plain, injustice might happen. But as to this, we decide nothing; the point not being, as we have said, in the case. It is too late to look into it in this suit; for we think the county estopped by her acceptance of the conveyance already made by the obligors to said bond. A deed was executed in 1841. That deed embraced the requisite quantity of land, and gave a plain description of its location. The county, by her proper officers, received it, and must have well understood its contents, as she procured a correction to be made in it so that it conveyed the land to the county agent for her use. There is no pretense of misrepresentation, concealment, or fraud, or misunderstanding, of any kind, about the contents of the deed, and there was an acquiescence of some years in it. All this shows, sufficiently, an acceptance by the county of the performance voluntarily made by the obligors of the condition of the bond; and, we think, under the circumstances of the case, the county cannot now go behind that acceptance.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*R. Brackenridge*, Jr., for the plaintiffs.

*J. B. Howe*, for the defendants.